LAWRENCE & LAWRENCE LAW, PLLC
Nathan E. Lawrence, NBN 15060
Joseph P. Lawrence, NBN 16726
9480 S. Eastern Ave., Ste. 213
Las Vegas, Nevada 89123
Telephone: 702-534-6556
Facsimile: 702-602-5168
nathan@law2esq.com
joseph@law2esq.com
*Attorneys for Defendants/Counterclaimants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL TORCHIA, an individual; and TORCHIA SALES AND MARKETING INC., an Ohio Corporation; collectively,<br><br>Plaintiffs,<br><br>v.<br><br>KAREN CAINES, an individual, BETTER FIT BEDDING LLC, a Nevada Limited Liability Company; CHASE AUSTIN, an individual,<br><br>Defendants. | Case No.: 2:25-cv-01380-RFB-DJA<br><br><br>**JOINT STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES** |
| KAREN CAINES, an individual; and BETTER FIT BEDDING LLC, a Nevada Limited Liability Company; collectively,<br><br>Counterclaimants,<br><br>v.<br><br>DANIEL TORCHIA, an individual; and TORCHIA SALES AND MARKETING INC., an Ohio Corporation; collectively,<br><br>Counter-defendants. | **(First Request)** |



**JOINT STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**
**(First Request)**

Pursuant to Fed. R. Civ. P. ("FRCP) 6(b)(1) and Local Rules IA 6-1, IA 6-2, and 26-3, Plaintiffs/Counter-defendants DANIEL TORCHIA and TORCHIA SALES AND MARKETING INC. (collectively, "Plaintiffs"), by and through their attorneys of the law firm of RAICH LAW PLLC, and Defendants/Counterclaimants KAREN CAINES and BETTER FIT BEDDING LLC (collectively, "Defendants"), by and through their attorneys of the law firm of LAWRENCE & LAWRENCE LAW, PLLC, hereby submit this Stipulation and Order to Extend the Discovery Deadlines.

This is the first stipulation to extend the discovery deadline, and this stipulation is presented to the Court in advance of the currently calendared close of discovery on March 2, 2026. For the foregoing reasons and as is more fully explicated below, the Parties stipulate to and respectfully request that this Court extend the discovery and associated deadlines in this matter.

## I.  RELEVANT PROCEDURAL HISTORY

1.  On July 14, 2025, Plaintiffs filed this action against Defendants in the Eighth Judicial District Court of the State of Nevada [ECF No. 1-2].

2.  On July 30, 2025, Defendants timely removed this matter to federal court [ECF No. 1] and filed their combined Answer on August 13, 2025 [ECF No. 10].

3.  On August 6, 2025, Plaintiffs renewed each of their previously filed Motion for Preliminary Injunction [ECF No. 5] and Emergency Motion for Temporary Restraining Order [ECF No. 6], both of which are pending adjudication by the Court.

4.  On September 3, 2026, as a matter of course under FRCP 15, Defendants filed their Amended Answer [ECF No. 17] and asserted various counterclaims against Plaintiffs.

5.  On September 24, 2026, Plaintiffs timely filed their Answer to Defendants' Counterclaims [ECF No. 20].

6.  On September 29, 2025, the Court entered an Order [ECF No. 22] adopting the

Parties' proposed Joint Discovery Plan and Scheduling Order [ECF No. 21], setting the following discovery deadlines:

- Initial Expert Disclosures: January 2, 2026;
- Rebuttal Expert Disclosures: February 2, 2026;
- Discovery Cut-Off Date: March 2, 2026;
- Dispositive Motion: April 1, 2026; and
- Joint Pretrial Order: May 1, 2026.

7.    On December 19, 2025, following their unopposed December 2, 2026, Motion for Leave to Amend [ECF No. 23], Plaintiffs filed their First Amended Complaint [ECF No. 26], adding Defendant CHASE AUSTIN ("Mr. Austin;" pursuant to FRCP 4(m), the deadline for service of process on Mr. Austin is March 19, 2026, about three weeks after the presently calendared close of discovery herein) and six (6) new claims for relief.

8.    On January 6, 2026, Defendants' counsel filed a Motion to Withdraw as Counsel [ECF No. 31], which motion was denied without prejudice by the Court on January 22, 2026 [ECF No. 34].

9.    On January 9, 2026, Defendants filed their Answer [ECF No. 32] to the First Amended Complaint, asserting additional counterclaims against Plaintiffs.

10.    On January 22, 2026, Plaintiffs filed a Notice of (unsuccessful) Attempted Service on Mr. Austin [ECF No. 33], and, as of the date of the filing of this stipulation, Plaintiffs have not yet been able to complete service on Mr. Austin.  *See also* Plaintiffs' Response to Motion to Withdraw as Counsel [ECF No. 36].

11.    On January 22, 2026, Defendants' counsel filed an amended and renewed Motion to Withdraw as Counsel [ECF No. 35], further to which a Response [ECF No. 36; February 6, 2026] and Reply [ECF No. 37; February 8, 2026] have been timely filed.  The Motion to Withdraw is pending the Court's determination.

## II.    LEGAL STANDARD

FRCP 6(b)(1) governs extensions of time and allows, in relevant part, that "[w]hen an act



may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." If additional time for any purpose is needed, the proper procedure is to present a request for extension of time before the time fixed has expired. *Canup v. Mississippi Val. Barge Line Co.,* 31 F.R.D. 282 (W.D. Pa. 1962). An extension of time may always be sought and is usually granted on a showing of good cause if timely made under subdivision (b)(1) of [FRCP 6]. *Creedon v. Taubman*, 8 F.R.D. 268 (N.D. Ohio 1947). Also, a district court possesses the inherent power to control its own docket. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

LR IA 6-1 additionally requires that a motion to extend time must state the reasons for the extension requested and will not be granted if requested after the expiration of the specified period unless the movant demonstrates that the failure to file the motion before the deadline expired resulted because of excusable neglect. LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good cause for the extension, and such a motion filed after the expiration of the deadline will not be granted unless the movant demonstrates that the failure to act resulted from excusable neglect.

Finally, LR 26-3 lists four factors that are considered upon adjudication of a motion to extend a discovery deadline: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.

## III.    ARGUMENT

### A.    The Four Factors Contained Within LR 26-3 Are Satisfied, and the Parties Show Good Cause for Modifying the Scheduling Order.

#### 1. Discovery Completed to Date:



The Parties have exchanged initial disclosure statements and documents on September 30, 2025 (Defendants) and October 1, 2025 (Plaintiffs). Plaintiffs have propounded comprehensive written discovery on Defendants to which Defendants responded on December 7, 2025, with anticipated supplements thereto pending finalization and service.

**2. Discovery Remaining:**

Additional written discovery is anticipated by all parties, including additional written discovery as to the recently articulated claims for relief by each of Plaintiffs and Defendants, as well as current party depositions and depositions of one or more third-party witnesses and Mr. Austin (once he has been served and makes his appearance herein).

**3. Reasons Why Deadline Will Not Be Satisfied or Remaining Discovery Cannot Be Completed Within Current Time Limits**

As detailed in the Relevant Procedural History above, a First Amended Complaint has recently been filed by Plaintiffs herein, with Defendants' Answer and additional counterclaims following therefrom, less than thirty (30) days ago, with each referenced pleading asserting substantial and consequential new claims for relief for which claims additional discovery will be required. Furthermore, the First Amended Complaint added a new Defendant for whom service has not been possible to date and is still pending, within the limitations of FRCP 4(m). Although efforts are diligently being made to effect service as soon as possible, service of Defendant Chase Austin is not required under FRCP 4(m) until March 19, 2026, seventeen (17) days after the current close of discovery.

In the interests of efficiency and efficacy, additional written discovery needs to be done prior to party and percipient witness depositions, and this would include written discovery on Mr. Austin, following his appearance herein, which will not, even if service was effected concurrently with the filing of this stipulation, occur before the current close of discovery. Additionally, certain additional time and logistical considerations will have to be accommodated as relates to Mr. Austin and his counsel, if any, as well as new counsel for current Defendants, assuming the Court



LAWRENCE & LAWRENCE
All brothers fight, but we fight for you.℠

grants the pending Motion to Withdraw.

The parties stipulate that the above-described circumstances constitute good cause for extension of future deadlines, as well as excusable neglect for the benefit and in the interest of Defendant Chase Austin as to the expired expert deadlines. In furtherance of equitable considerations and for the hopeful avoidance of future motions and/or stipulations, the parties stipulate that, based on the recent (though timely) filing and the consequence of the First Amended Complaint, excusable neglect exists (since Mr. Austin will otherwise be denied any opportunity to avail himself of the use of expert testimony) to extend the expired expert deadlines, each as addressed below. Accordingly, in the interests of equity and to effect the most complete discovery in this matter, the parties jointly request that the Court amend the present Scheduling Order [ECF No. 22] and extend all case deadlines by one hundred twenty (120) days, as detailed below.

**4.   Proposed Schedule for Completing Remaining Discovery:**

| Event | Current Deadlines | Proposed New Deadlines |
|---|---|---|
| Discovery Cutoff | March 2, 2026 | **June 30, 2026** |
| Deadline to Disclose Experts | January 2, 2026 | **May 4, 2026** |
| Deadline for Rebuttal Experts | February 2, 2026 | **June 3, 2026** |
| Dispositive Motion Deadline | April 1, 2026 | **July 30, 2026** |
| Joint Pretrial Order Deadline | May 1, 2026 | **August 31, 2026 \*** |

/ / /

/ / /

/ / /

/ / /



\*  In the event a dispositive motion is under submission by August 31, 2026, the Joint Pre-Trial Order shall be due no later than 30 days after entry of the Court's order ruling on same.

All other discovery dates not referenced herein remain unchanged.

**IT IS SO STIPULATED.**

DATED this 9th day of February 2026.          DATED this 9th day of February 2026.

**LAWRENCE & LAWRENCE LAW, PLLC**          **RAICH LAW PLLC**

_____          /s/ Brian Schneider, Esq._____
Nathan E. Lawrence, NBN 15060          Sagar Raich, NBN 13229
Joseph P. Lawrence, NBN 16726          Brian Schneider, NBN 15458
9480 S. Eastern Ave., Ste. 213          2280 E. Pama Ln.
Las Vegas, Nevada 89123          Las Vegas, Nevada 89119
Telephone: 702-534-6556          Phone: (702) 758-4240
Facsimile: 702-602-5168          sraich@raichattorneys.com
nathan@law2esq.com          bschneider@raichattorneys.com
joseph@law2esq.com          *Attorneys for Plaintiffs/Counter-*
*Attorneys for Defendants/Counterclaimants*          *defendants*

**IT IS SO ORDERED.**

DATED: 2/11/2026

_____
UNITED STATES MAGISTRATE JUDGE

